**UNITED STATES of America, Appellee,**

v.

**Charles David SCHRADER, Appellant.**

**No. 91–1694.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 10, 1991.

Decided Aug. 21, 1992.

Rehearing Denied Oct. 8, 1992.

**624**

Scott D. McGregor, Rapid City, S.D., argued, for appellant.

Robert A. Mandel, Asst. U.S. Atty., Rapid City, S.D. (Diana Ryan), Asst. U.S. Atty., argued on the brief), for appellee.

Before BEAM, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

HEANEY, Senior Circuit Judge.

Charles David Schrader pleaded guilty to escaping from a halfway house. On April 28, 1989, the district court sentenced Schrader to twelve months' imprisonment, to be followed by three years of supervised release, the maximum supervised release permitted under the statute.

Schrader began serving his term of supervised release on January 23, 1990, immediately after his prison term for the escape charge expired. On January 22, 1991, Schrader's probation officer filed a petition asking the court to revoke Schrader's supervised release. After a hearing, the district court rejected the probation officer's request and continued Schrader on supervised release. The probation officer filed a second petition to revoke Schrader's supervised release on March 5, 1991. On March 22, 1991, the court determined that Schrader had violated the conditions of supervised release. The court ordered "that the defendant be committed to the custody of the Attorney General or his duly autho-

rized representative for a period of 6 months." It further ordered that:

the supervised release will continue thereafter on the same terms and conditions as imposed in the Judgment dated April 28, 1989, the Amended Judgment dated May 8, 1989 and the Order Modifying the Terms of Supervised Release dated October 23, 1990. The period of supervised release will terminate on January 22, 1993.

January 23, 1993 was the date on which Schrader would have completed his three-year term of supervised release had he not violated the conditions of his supervised release. Thus, the practical effect of the court's order is that Schrader will be serving six months of the time that he was to serve on supervised release in prison.

Schrader appeals. Relying on a line of cases beginning with *United States v. Behnezhad,* 907 F.2d 896 (9th Cir.1990), Schrader claims that the district court did not have the power to order him to serve part of the remainder of his term of supervised release in prison. We disagree. In our view, the district court's action is consistent with 18 U.S.C. § 3583(e)(3) which provides:

**(e) Modifications of conditions of revocation.** The court may ...

(3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation and to the provisions of applicable policy statements issued by the Sentencing Commission....

This subsection permits a sentencing judge to revoke an offender's term of supervised release, and to require the offender to serve in prison all or part of the term of supervised release without credit for time previously served on post-release supervi-

sion. If a district court has that power, it certainly has the power under that subsection to impose a less drastic sanction, namely, to require an offender to serve part of the remaining supervised release period in prison and the other part under supervised release.

We acknowledge that the issue is not free from doubt, particularly in those circumstances in which the defendant's new term of prison and supervised release together is longer than the original term of supervised release, and where the new combined term would extend beyond the expiration date of the original term of supervised release. *See United States v. Williams,* 958 F.2d 337, 338 (11th Cir.1992) (defendant originally ordered to serve three years supervised release, the maximum allowable; district court revoked defendant's original term of supervised release soon after it began, ordered defendant to serve six months in prison, and imposed a new three-year term of supervised release; district court reversed); *United States v. Holmes,* 954 F.2d 270, 271 (5th Cir.1992) (defendant originally sentenced to three years supervised release, the maximum allowable; after the defendant served five months on his original term of supervised release, the court revoked supervised release, ordered the defendant to serve an additional thirteen months in prison, and ordered the defendant to serve an additional thirty-one months of supervised release after his release from prison; district court reversed). *But see United States v. Boling,* 947 F.2d 1461 (10th Cir.1991) (defendant originally sentenced to two years supervised release; district court revoked supervised release after ten months, ordered the defendant to serve fifteen months imprisonment and an additional fourteen months of supervised release; district court affirmed). *Cf. United States v. Cooper,* 962 F.2d 339 (4th Cir.1992) (defendant originally ordered to a five-year term of supervised release; district court revoked supervised release after five months, sentenced the defendant to two months of intermittent confinement to be followed by a four and one-half year term of supervised release); *Behnezhad,* 907 F.2d at 897 (de-

fendant originally sentenced to three years supervised release; approximately four months into his term of supervised release, the district court revoked the term, ordered the defendant to serve ten months in prison, and ordered the defendant to serve an additional two years on supervised release; district court reversed). We need not and do not reach the question, however, of whether the district court can revoke a defendant's term of supervised release and impose a new term of prison and supervised release that together is longer than the original term of supervised release and extends beyond the expiration date of the original term of supervised release. We simply hold that if a district court finds that an offender has violated the terms of his supervised release, the district court can, as here, require the offender to serve a portion of the time remaining on the term of supervised release in prison and the remaining time on supervised release.

BEAM, Circuit Judge, concurring.
I concur only in the result.