**UNITED STATES of America, Appellee,**

v.

**Jennifer WAGNER, Appellant.**

**No. 92–3095.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1993.

Decided July 9, 1993.

Mark C. Meyer, Cedar Rapids, IA, argued, for appellant.

Richard L. Murphy, Cedar Rapids, IA, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, FAGG, and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Jennifer Wagner appeals the district court's dismissal of her 28 U.S.C. § 2255 habeas corpus petition and revocation of her term of supervised release. We affirm.

## I. BACKGROUND

In 1989, Jennifer Wagner entered a plea of guilty to participating in a conspiracy to distribute cocaine from 1986 to January 1988, in violation of 21 U.S.C. § 846. She was sentenced to a term of imprisonment and to a term of supervised release. After her release from prison and while on supervised release, she filed a habeas corpus petition, asserting that her supervised release was an illegal sentence. She contended that section 846 did not provide for imposition of supervised release at the time she committed the crime. The district court denied the petition.

Sometime later, a random urinalysis showed evidence of marijuana. The government then moved to revoke Wagner's supervised release because she had violated its terms and conditions. Wagner later stipulated and testified that she had smoked marijuana on two occasions. The district court found that Wagner had possessed drugs in violation of the terms of supervised release and in violation of 18 U.S.C. § 3583(g).[1] The district court revoked Wagner's supervised release and sentenced her to a term of incarceration for a year and a day, followed by another term of supervised release. We consolidated Wagner's appeals of the denial of habeas corpus relief and the revocation of supervised release.

## II. DISCUSSION

Wagner first asserts that the district court lacked authority to sentence her to supervised release at her original sentencing because, at the time she committed the crime, 21 U.S.C. § 846 made no provision for imposition of either supervised release or parole.[2] The government concedes that 21 U.S.C. § 846 provided no authority for imposition of supervised release at the time she participated in the conspiracy. It contends, however, that 18 U.S.C. § 3583(a) provided authority for Wagner's sentence.[3]

We agree that section 846 did not authorize imposition of a term of supervised release when Wagner was sentenced. *Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980) (special parole term cannot be imposed as part of a sentence for violation of pre-amendment section 846). Although the Court in *Bifulco* addressed only special parole, *Bifulco's* holding applies with equal force to terms of supervised release. *See, e.g., United States v. Cardenas,* 917 F.2d 683, 688 (2d Cir.1990).

Authority for the imposition of supervised release is found, however, in 18

1. 18 U.S.C. § 3583(g) provides:
   (g) **Possession of controlled substances.**—If the defendant is found by the court to be in possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release.
   18 U.S.C.A. § 3583(g) (West Supp.1993).

2. The statute was later amended to include such a provision.

3. At the time Wagner participated in the conspiracy, 18 U.S.C. § 3583(a) provided:
   The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment.
   18 U.S.C.A. § 3583(a) (West 1985).

U.S.C. § 3583(a). We agree with those circuits that have held that section 3583(a) authorizes the imposition of supervised release for a conspiracy under pre-amendment section 846. *See Rodriguez v. United States,* 951 F.2d 26, 28 (2d Cir.1991); *United States v. Osborne,* 931 F.2d 1139, 1146 (7th Cir. 1991); *Cardenas,* 917 F.2d at 688; *United States v. Jordan,* 915 F.2d 622, 631 (11th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1629, 113 L.Ed.2d 725 (1991); and *United States v. Van Nymegen,* 910 F.2d 164, 166 (5th Cir.1990). The statute, enacted as part of the Sentencing Reform Act of 1984, which authorized the Sentencing Guidelines, became effective on November 1, 1987. *United States v. Osborne,* 931 F.2d at 1145 n. 6. Wagner's conspiracy continued until January 1988, and therefore occurred in part after the effective date of the provision. The Sentencing Guidelines properly apply to any conspiracy ending after the Guidelines went into effect. *United States v. Tharp,* 892 F.2d 691, 695 (8th Cir.1989). Accordingly, we find that the district court had authority under 18 U.S.C. § 3583(a) to impose supervised release.

▆▆▆ Wagner next argues that supervised release may not be reimposed after it has been revoked and a prison term has been imposed. That argument is foreclosed by this court's decision in *United States v. Schrader,* 973 F.2d 623 (8th Cir.1992). In *Schrader,* we held that an offender who violates the terms of supervised release may be required to serve a portion of the time remaining on his or her term of supervised release in prison and the remaining time on supervised release. *Id.* at 625. Wagner points to the fact that other circuits have held to the contrary and urges us to reconsider our position. *See, e.g., United States v. Bermudez,* 974 F.2d 12 (2d Cir.1992); *United States v. Cooper,* 962 F.2d 339 (4th Cir.1992); *United States v. Williams,* 958 F.2d 337 (11th Cir.1992); *United States v. Holmes,* 954 F.2d 270 (5th Cir.1992); and *United States v. Behnezhad,* 907 F.2d 896 (9th Cir. 1990). In this circuit, a panel of the court is without authority to modify a standard established by another panel. *United States v. Lewellyn,* 723 F.2d 615, 616 (8th Cir.1983). Only the court en banc is empowered to

change an existing rule of law. *Id.* Accordingly, we find Wagner's argument lacks merit.

## III. CONCLUSION

For the reasons stated above, the district court's dismissal of Wagner's 28 U.S.C. § 2255 claim is affirmed and the district court's revocation of Wagner's supervised release is affirmed.