**UNITED STATES of America, Appellee,**

v.

**Kurt STEWART, Appellant.**

No. 92–2694.

United States Court of Appeals, Eighth Circuit.

Submitted May 11, 1993.

Decided Oct. 12, 1993.

Alan J. Sheppard, Fargo, ND, argued, for appellant.

Gary Annear, First Asst. U.S. Atty., Fargo, ND, argued, for appellee.

Before JOHN R. GIBSON, Circuit Judge, LAY, Senior Circuit Judge, and FAGG, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Kurt Stewart appeals from the district court's revocation of his supervised release.

The sole issue on appeal is whether the district court erred in imposing not only a term of eighteen months imprisonment, but also an additional term of twenty-four months supervised release. We reverse and remand.

A jury found Stewart guilty on charges of using a telephone to facilitate a conspiracy to distribute cocaine and conspiracy to distribute cocaine in violation of 21 U.S.C. § 843(b) (1988) and 21 U.S.C. § 846 (Supp. III 1991). On July 28, 1988, the district court sentenced him to thirty-eight months imprisonment followed by three years supervised release. Stewart served his term of imprisonment and was released in April of 1991. On May 29, 1992, Stewart's probation officer filed a petition stating that Massachusetts authorities had arrested Stewart at Logan Airport and charged him with attempting to smuggle thirty pounds of marijuana, and that this arrest violated the standard conditions of his supervised release.

On July 13, 1992, the district court revoked Stewart's supervised release and ordered that Stewart be imprisoned for an additional eighteen months. The court also added a twenty-four month term of supervised release, and directed that Stewart complete 120 hours of community service during the supervision. In so doing, the district judge apparently relied on *United States v. Boling*, 947 F.2d 1461 (10th Cir.1991), a case which approved the a district court's imposition of both incarceration and a further period of supervised release following revocation of supervised release.

Stewart does not question the district court's revocation of his supervised release or imposition of the eighteen month prison sentence. On appeal, Stewart argues only that the additional term of supervised release and community service is not authorized by 18 U.S.C. § 3583 (Supp. III 1991).

Section 3583(e) provides that, after considering a number of defined factors, a district court may terminate supervised release, § 3583(e)(1), extend supervised release or modify its conditions, § 3583(e)(2), "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for

time previously served on post-release supervision . . .," § 3583(e)(3), or place the person in home confinement, § 3583(e)(4). Section 3583(g) requires that the court "terminate" the supervised release of a person found in possession of a controlled substance and impose a prison term of not less than one third of the term of supervised release.

The district judge did not explicitly state the statutory basis for his order, but did explain that he "reach[ed] that conclusion based on a recent Tenth Circuit case, [United ed States] v. Boling." Therefore, we assume that the district court here employed the same principles as the district court in *Boling*. In *Boling*, the district court revoked a defendant's two year term of supervised release and imposed a prison term of fifteen months followed by a fourteen month term of supervised release. *Boling*, 947 F.2d at 1461. The Tenth Circuit affirmed, holding that section 3583(e)(3) authorized the two-year prison term and that section 3583(e)(2) authorized the additional term of supervised release as an "extension" of the original term. *Id.* at 1463. The Tenth Circuit rejected the view of several other circuits that the disjunctive language in section 3583(e) did not allow the court to combine the several options offered there and concluded that it was Congress' intent to give the courts "flexibility" in administering supervised release. *Id.* at 1463–64. In this circuit, we have not decided "whether the district court can revoke a defendant's term of supervised release and impose a new term of prison and supervised release that together is longer than the original term of supervised release . . . ." *United States v. Schrader*, 973 F.2d 623, 625 (8th Cir.1992).

■ After the district court's decision in this case, the Tenth Circuit overruled *Boling* in *United States v. Rockwell*, 984 F.2d 1112, 1117 (10th Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 2945, 124 L.Ed.2d 693 (1993). The Tenth Circuit recognized that the majority of circuits had decided that the disjunctive language of section 3583(e) ruled out any combining of options like that sanctioned in *Boling*. *Id.* at 1116. At the very least, the Tenth Circuit's decision in *Rockwell* deprives *Boling*, on which the district court here re-

lied, of precedential value. In addition, *Rockwell* follows the result reached by six other circuits. The reasoning in these cases applies to a situation like that presented here where the prison and supervised release terms imposed on revocation exceed that of the original supervised release term.[1] We are persuaded by the reasoning of this group of cases, and read the disjunctive wording of sections 3583(e)(3) and (4) to preclude, upon revocation of supervised release, the imposition of a prison term and supervised release term which together exceed the original supervised release term. Indeed, the two disjunctive subsections contain the only possible authorization for imposing a combined prison and supervised term which exceed the original supervised release term. We thus conclude that the district court erred in imposing a new term of supervised release which, when added to the prison term imposed upon revocation of supervision, exceeded the length of the original term of supervised release.

■ Our analysis does not end here because Stewart urges us to overrule *United States v. Schrader*, arguing that it is inconsistent with *Rockwell*, and the other cases we have referred to above. We decline to do so because *Schrader* is easily harmonized with our holding in this case. In *Schrader*, we specifically did not address whether a district court may "combine" the options presented in section 3583(e). 973 F.2d at 625. Rather, we explored the discretion left to the district court under a single option, that described in section 3583(e)(3). *Id.* at 624–25. We decided that, if the district court chose to revoke supervised release and to impose a prison term shorter than the original term of supervised release, the district court could then impose an additional term of supervised release so long as the combined prison and supervised release terms did not exceed the time for supervised release imposed in the

original sentence. *Id.* We reasoned that because the statute authorized a term of imprisonment equal in length to "all or part" of the original term of supervision, it also allowed the "less drastic sanction" of requiring a defendant to serve time equal to his original term of supervision, but to serve part of it in prison and part on supervised release. *Id.* We based our conclusion in *Schrader* entirely upon the language of section 3583(e)(3), and not on any relationship between the 3583(e) options or any statement contained in the Sentencing Guidelines. *Schrader* is, in this respect, distinguishable from *Rockwell* and the cases from the other circuits we have referred to above, and survives unaltered our conclusion in this case that the district court may not combine the options offered in section 3583(e).[2]

In recent weeks, this court, speaking through three different panels, has followed *Schrader*. In *United States v. Wagner*, 999 F.2d 312 (8th Cir.1993), we followed *Schrader* and held that "an offender who violates the terms of supervised release may be required to serve a portion of the time remaining on his or her term of supervised release in prison and the remaining time on supervised release." *Id.* at 314. Similarly, we followed *Schrader* in *United States v. Levi*, 2 F.3d 842 (8th Cir.1993), holding that the sentencing judge did not combine the options of § 3583(e) when the judge revoked supervised release and sentenced the offender to nine months imprisonment for violating supervised release and an additional four months for the remaining unserved portion of his work release program. 2 F.3d at 845–846. *See also United States v. Krabbenhoft*, 998 F.2d 591, 593–94 & n. 2 (8th Cir.1993) (holding that distinction between *Schrader* and cases from other circuits was unimportant because the district court had not combined the § 3583(e) alternatives).

---

**1.** *United States v. Truss*, 4 F.3d 437 (6th Cir. 1993) (prison and supervised release terms imposed after revocation exceeded the original term of supervised release); *United States v. Tatum*, 998 F.2d 893 (11th Cir.1993) (same); *United States v. McGee*, 981 F.2d 271 (7th Cir.1992) (same); *United States v. Koehler*, 973 F.2d 132 (2d Cir.1992) (same); *United States v. Holmes*, 954 F.2d 270 (5th Cir.1992) (same); *United*

*States v. Gozlon–Peretz*, 894 F.2d 1402, 1405 n. 5 (3d Cir.) (same), *amended*, 910 F.2d 1152 (3d Cir.1990), *aff'd on other grounds*, 498 U.S. 395, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991).

**2.** The Tenth Circuit recognized this distinction when overruling *Boling*. *See Rockwell*, 984 F.2d at 1116.

Only the Fourth, Fifth, and Eleventh Circuits have considered the propriety of a term of imprisonment and supervised release which exceeds the original supervised release term. We believe that the few decisions from other circuits which present the situation like that in *Schrader* (where the prison and supervised release terms imposed on revocation are less than the original term of supervised release) are weak authority on which to base a reconsideration of *Schrader*. Two of the three decisions approved of the flexibility of an approach like that we took in *Schrader*, and the other decision was based on the concession of the United States attorney. Although the Fourth Circuit held that the disjunctive wording of section 3583(e) prohibited a court from sentencing an offender to imprisonment and a new term of supervised release upon revocation of supervised release, the court expressed the desire for flexible sentencing rules. *United States v. Cooper*, 962 F.2d 339, 341–42 (4th Cir.1992). The Fifth and Eleventh Circuits focused their analysis on Congress' use of the word "revoke" in section 3583(e), reasoning that once a term of supervised release is revoked and imprisonment imposed, there is no supervised release left in existence and no statutory authority to impose a new term of supervised release following imprisonment. *United States v. Courtney*, 979 F.2d 45, 51 (5th Cir.1992); *United States v. Williams*, 2 F.3d 363, 365 (11th Cir.1993). Despite the result reached by the Eleventh Circuit, the court called its interpretation of the statute "contrary to common sense." *Id.* at 365. Although the court did not cite *Schrader*, it suggested an approach like that we endorsed in *Schrader*. *Id.* at 365. In *United States v. Courtney*, 979 F.2d 45 (5th Cir.1992), the government conceded that the sentence was incorrect based on earlier circuit authority in a case where the term of imprisonment and supervised release imposed on revocation exceeded the original term of supervised release. *Id.* at 50–51.[3] A careful reading of these cases supports our view that we need

not and should not reach out on the facts before us to extend the reasoning so as to reconsider *Schrader*, now well established in our cases, when it is unnecessary that we do so.

On remand, the district court may choose to alter Stewart's sentence in one of two ways. First, in conformance with *Schrader*, the court could revoke Stewart's supervised release and sentence Stewart to a term of imprisonment followed by a term of supervised release, so long as the aggregate of these two terms is less than or equal to Stewart's original thirty-six month term of supervised release. Second, the court could revoke Stewart's supervised release and sentence Stewart according to one of the options listed in section 3583(e).

We reverse the order of the district court and remand for proceedings consistent with this opinion.

LAY, Senior Circuit Judge, concurring and dissenting.

I must respectfully disagree with the analysis of the majority opinion. Petitioner has now served his eighteen-month sentence imposed upon revocation of his earlier term of supervised release. He urges that the district court lacks authority under 18 U.S.C. § 3583(e) to require additional supervised release with restrictive modification of community service, etc. I would sustain petitioner's appeal and vacate the newly imposed term of supervised release. The majority grants petitioner relief by remanding for resentencing based upon the fact that the total time of his new term of imprisonment (eighteen months) plus his new term of supervised release (twenty-four months) exceeds the original term of thirty-six months of supervised release. To the extent of this holding, I agree with the majority. I disagree, however, with the majority's conclusion that the district court may still *combine* a term of imprisonment and a term of supervised release. The

---

**3.** Similarly, although the Sixth Circuit in *Truss* was not presented with a sentence ordered on revocation of supervised release which fell within the original supervised release term, the court recognized the "persuasive effect" of the result

we reached in *Schrader*. 4 F.3d at 441. Nevertheless, the court concluded that the statute must be restrictively construed despite the anomalous result it produced. *Id.* at 441–42.

correct result here should be to set aside *any* additional term of supervised release.

In *United States v. Schrader,* 973 F.2d 623 (8th Cir.1992), we specifically decided that if a district court chooses to revoke supervised release and to impose a prison term shorter than the original term of supervised release, it may then also impose an additional term of supervised release so long as the combined prison and supervised release term does not exceed the time for supervised release imposed in the original sentence. In the present case, the district court imposed a new term of imprisonment and a new term of supervised release that together exceed Stewart's original supervised release term. I agree with the majority's rejection of this extension of *Schrader.* More troubling, however, is that *Schrader* established that upon revocation of supervised release the district court could combine, under § 3583(e), a term of imprisonment and a new term of supervised release. This court interprets § 3583(e) under the guidance of *Schrader* to hold that when supervised release is revoked, the district court has the authority to combine both a term of imprisonment and a new term of supervised release, albeit within the overall time of the original term of supervised release. I must disagree.

The majority's holding is contrary to the conclusions of all other circuits that have passed upon the question. *See United States v. Truss,* 4 F.3d 437 (6th Cir.1993); *United States v. Williams,* 2 F.3d 363 (11th Cir. 1993); *United States v. Tatum,* 998 F.2d 893 (11th Cir.1993); *United States v. McGee,* 981 F.2d 271 (7th Cir.1992); *United States v. Courtney,* 979 F.2d 45, 51 (5th Cir.1992); *United States v. Koehler,* 973 F.2d 132 (2d Cir.1992); *United States v. Cooper,* 962 F.2d 339 (4th Cir.1992); *United States v. Holmes,* 954 F.2d 270 (5th Cir.1992); *United States v. Gozlon–Peretz,* 894 F.2d 1402, 1405 n. 5 (3d Cir.) *amended,* 910 F.2d 1152 (3d Cir.1990), *aff'd on other grounds,* 498 U.S. 395, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991). Each of the above circuits has decided that § 3583(e) is phrased in the disjunctive and therefore a district court may only revoke a term of

supervised release and impose a new term of imprisonment *or* modify the terms of the supervised release. One or the other, but not both. These cases clearly hold that the statute does not permit the sentencing court to combine a new term of imprisonment *and* an extended term of supervised release.[4]

The majority opinion agrees that § 3583(e) is in the disjunctive and that the district court does not have the option to combine the several alternatives offered within the statute. The majority approves, however, the analysis advanced in *United States v. Schrader* that the option to combine imprisonment and a term of supervised release is available under § 3583(e)(3) alone and is not dependent on any relationship among the four § 3583(e) subsections or any statement contained in the Sentencing Guidelines. I respectfully must disagree. This panel cannot overrule *Schrader,* but this case should be submitted to the court en banc for reconsideration of the issue *Schrader* raises.

If the majority's interpretation of § 3583(e) were the intent of Congress, the statute would not have provided in the disjunctive options of imprisonment *or* modification of a new term of supervised release. The majority's strained interpretation of § 3583(e)(3) renders meaningless the other subdivisions contained in the statute. The argument is made that Congress intended to give the court flexibility in administering supervised release. Perhaps, but if Congress intended to allow the district court upon revocation of the earlier term of supervised release the option to impose both a prison term and a new term of supervised release, it clearly would have worded the statute in a different way. Although the court deems this result to be a more flexible and equitable interpretation, I respectfully submit it is not the judiciary's prerogative to change the plain meaning and language of the statute. See Judge Cummings' thorough discussion rejecting the majority's interpretation of § 3583(e)(3) in *United States v. McGee,* 981 F.2d 271 (7th Cir.1992). It is my understanding that Congress is presently studying

---

4. This court in *United States v. Krabbenhoft,* 998 F.2d 591, 593 n. 2 (8th Cir.1993), recognized the

inconsistency between *Schrader* and the other circuits.

this problem and may, indeed, cure the situation by appropriate legislation. *See* S. 468, 103 Cong., 1st Sess., § 4 (1993).[5] This being so, I believe that this court has a duty to recognize the plain meaning of the statute and to leave it to the legislative body to cure any resulting problem that the court may perceive to exist.

The order of the district court revoking a period of supervised release and ordering the defendant, Kurt Stewart, to be imprisoned for eighteen months should be affirmed. The district court's order extending supervised release for an additional twenty-four months subsequent to the period of imprisonment should be vacated. In view of the fact that Stewart has now served his additional eighteen-month sentence, THE COURT SHOULD STAY INSTANTER THE IMPOSITION OF THE NEW CONDITIONS OF SUPERVISED RELEASE PENDING FURTHER CONSIDERATION BY THE EN BANC COURT.

5. In a bill introduced in the Senate on February 25, 1993, by Senator Strom Thurmond of South Carolina, § 3583 would be amended as follows:
  (h) SUPERVISED RELEASE FOLLOWING REVOCATION.—When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.