**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Marvin Kennell LOVE, Defendant–
Appellant.**

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Nancy Ann FRAZEE, Defendant–
Appellant.**

**Nos. 93–1825, 93–2368.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 13, 1993.

Decided March 21, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied May 16, 1994.

Counsel who presented argument on behalf of appellant was Daniel M. Scott, Minneapolis, MN. Additional attorney appearing on the brief was Virginia G. Villa.

Counsel who presented argument on behalf of appellee was Christopher J. Bebel, Minneapolis, MN. Additional attorneys appearing on the briefs were Carol A. Needles and Mark Pitsenbarger.

Before LOKEN, Circuit Judge, CAMPBELL,* Senior Circuit Judge, and HANSEN, Circuit Judge.

LOKEN, Circuit Judge.

In *United States v. Schrader,* 973 F.2d 623, 625 (8th Cir.1992), we held that, when punishing an offender whose supervised release is revoked under 18 U.S.C. § 3583(e)(3),[1] a

---

* The HONORABLE LEVIN H. CAMPBELL, Senior United States Circuit Judge for the First Circuit, sitting by designation.

1. Section 3583(e)(3) provides that the court may "revoke a term of supervised release, and require

the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release,

district court may "require the offender to serve a portion of the time remaining on the term of supervised release in prison and the remaining time on supervised release." Because the district court[2] correctly applied *Schrader* in each of these consolidated cases, we affirm.

In March 1993, the district court found that Marvin Kennell Love violated the conditions of his supervised release when he tested positive for cocaine at least six times between March 1992 and January 1993. The court revoked Love's supervised release and sentenced him to eight months in prison. The court's revocation order further provided: "Upon defendant's release ... he shall serve the remainder of the original six-year term of supervised release." In May 1993, the district court found that Nancy Ann Frazee violated the conditions of her supervised release by issuing a dishonored check in violation of state law and testing positive for cocaine. The court revoked her supervised release and sentenced her to one year and one day in prison. The revocation order further provided that upon her release from prison Frazee would "complete the original [three-year] term of supervised release."

On appeal, Love and Frazee challenge the inclusion of additional supervised release in their revocation sentences. They contend that, when the district court elects to sentence an offender to prison for violating the terms of his original release, 18 U.S.C. § 3583(e)(3) does not authorize "an additional term of supervised release following [that] incarceration." *United States v. Truss*, 4 F.3d 437, 439 (6th Cir.1993). Love and Frazee concede that we rejected this contention in *Schrader* but urge us to reconsider *Schrader* en banc because most circuits have held to the contrary.

We now have numerous panel decisions following *Schrader*. *See United States v. Stewart*, 7 F.3d 1350, 1352 (8th Cir.1993) (noting that *Schrader* is distinguishable on its facts from most of the contrary authority

from other circuits); *United States v. Levi*, 2 F.3d 842 (8th Cir.1993); *United States v. Wagner*, 999 F.2d 312 (8th Cir.1993). In addition, our full court denied motions for initial en banc consideration in these cases and in *United States v. Bender*, 16 F.3d 977 (8th Cir.1994), in which a panel has now, once again, followed *Schrader*.

Following oral argument in this case, a panel of the First Circuit thoroughly reviewed the arguments and authorities pertinent to this issue and concluded that *Schrader* correctly construed § 3583(e)(3). *See United States v. O'Neil*, 11 F.3d 292 (1st Cir.1993). We also note that the Sixth Circuit in *Truss* acknowledged that "[t]he reasoning of the *Schrader* court is not without persuasive effect," 4 F.3d at 441, and that a panel of the Eleventh Circuit recently applied but "unanimously disagree[d] with" that court's contrary interpretation of § 3583(e)(3). *United States v. Williams*, 2 F.3d 363, 365 (11th Cir.1993).

These recent cases reinforce our view that *Schrader* correctly interpreted § 3583(e)(3). That statute expressly empowers a district court, upon revoking supervised release, to impose a term of imprisonment equal in length to the entire original term of supervision. Absent clear congressional direction to the contrary, that power necessarily includes the lesser power to impose a punishment that combines, over that same period, prison and supervised release. *See, e.g., Patterson v. New York*, 432 U.S. 197, 207–209, 97 S.Ct. 2319, 2325–2326, 53 L.Ed.2d 281 (1977) (legislative power to preclude mitigating evidence includes lesser power to shift burden of proof); *United States v. Ghannam*, 899 F.2d 327, 329 (4th Cir.1990) (power under U.S.S.G. § 5H1.4 to impose "sentence other than imprisonment" includes power to impose prison sentence below guideline range); *United States v. Brockway*, 769 F.2d 263, 265 (5th Cir.1985) (power to incarcerate convicted county sheriff includes lesser power to sen-

---

pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation and to the provisions of applicable policy statements issued by the Sentencing Commission...."

2. The HONORABLE JAMES M. ROSENBAUM, United States District Judge for the District of Minnesota.

tence him to probation on the condition he not work in law enforcement).[3]

Love and Frazee urge us to overrule our decisions in *Schrader* and more particularly *Stewart* because, in the words of the Seventh Circuit, they "give the district court potentially endless jurisdiction over a defendant." *United States v. McGee*, 981 F.2d 271, 275 (7th Cir.1992). This will happen, we are told, because under § 3583(e)(3) a district court need not credit against the new prison term the "time previously served on postrelease supervision." Therefore, if a revocation penalty includes more supervised release, and if the defendant subsequently violates the conditions of that supervision, he could receive yet another revocation sentence equal in length to the original supervised release term, less any of that term that has now been served in prison.

There are a number of responses to this argument. One is statutory—in defining the power to sentence under § 3583(e)(3), including the lesser included power to reimpose supervised release, we may not ignore the statutory phrase, "without credit for time previously served on postrelease supervision." *See United States v. Krabbenhoft*, 998 F.2d 591 (8th Cir.1993). Second, we suspect that this problem is for the most part theoretical; in *Schrader* and *Bender*, for example, the district courts exercised their discretion and kept the total revocation penalties within the original supervised release terms. Finally, in those cases where the problem may arise because the revocation offense occurs relatively late in the supervised release term, we believe that the discretion given the sentencing court in *Stewart* to impose a revocation penalty of prison plus additional supervised release that does not exceed the defendant's original term of supervision is consistent with the supervised release con-

cept—until a released defendant has lived under supervision for a meaningful period of time without committing a violation that warrants revocation, supervision continues to be necessary and appropriate.[4]

The judgments of the district court are affirmed.

---

**3.** We think it noteworthy that, since the intercircuit conflict on this issue has arisen, "four senior members of the Senate Judiciary Committee—thought to have been supremely influential in the passage of the Sentencing Reform Act"—have sponsored bills in Congress that "uniformly favor a clarifying amendment that would remove any doubt that section 3583(e)(3) allows reimposition of supervised release." *O'Neil*, 11 F.3d at 300.

**4.** *See* S.Rep. No. 225, 98th Cong., 2d Sess. 124, reprinted in 1984 U.S.C.C.A.N. 3182, 3307 (primary goal of supervised release "is to ease the defendant's transition into the community . . . or to provide rehabilitation to a defendant who . . . still needs supervision and training programs after release"); U.S.S.G. Ch. 7, Pt. A, intro. comment. ("[s]upervised release should focus on the integration of the violator into the community, while providing the supervision designed to limit further criminal conduct").