26 F.3d 127
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Tracy Lynn JONES, Appellant.
 No. 94-1291.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 10, 1994.
Filed: June 8, 1994.
 
 Appeal from the United States District Court for the District of Minnesota.
 Before MAGILL, Circuit Judge, and FLOYD R. GIBSON and JOHN R. GIBSON, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Tracy Lynn Jones appeals from an order of the district court which for a second time revoked her supervised release and sentenced her to a period of nine months incarceration and an additional period of supervised release. We affirm the judgment of the district court.[1]
 
 
 2
 Jones was convicted of various controlled substance offenses and sentenced to concurrent six-year prison terms and a six-year term of supervised release. This court affirmed. United States v.
 
 
 3
 Carter, 854 F.2d 1102 (8th Cir. 1988). Jones was sentenced on June 26, 1987. She immediately commenced service of her sentence. She was released from prison on May 1, 1989 and placed on parole until May 1, 1993. On August 15, 1992 she was discharged from parole, and her six years of supervised release commenced. The supervised release term was to expire August 14, 1998. In February 1993 she admittedly violated her supervised release and was sentenced to two months incarceration, followed by supervised release until August 14, 1998. She did not appeal. In January 1994 supervised release was again revoked and she was sentenced to nine months incarceration, again followed by supervised release until August 14, 1998, the original expiration date of her period of supervised release.
 
 
 4
 On appeal she argues that the district court failed to follow the statutory direction contained in 18 U.S.C. Sec. 3583(e)(3) (Supp. IV 1992). She argues that some nine circuits support her position that a defendant may not be placed on further supervision following a term of imprisonment. Jones forthrightly asks that this court reconsider its decision in United States v. Schrader, 973 F.2d 623 (8th Cir. 1992), particularly in light of our later decision in United States v. Stewart, 7 F.3d 1350 (8th Cir. 1993). Stewart gives no ground for reconsidering Schrader; on the contrary, Stewart simply applies the Schrader rule.
 
 
 5
 Schrader is the law of the circuit and has been followed consistently by this circuit. See Stewart, 7 F.3d at 1352; United States v. Levi, 2 F.3d 842, 846 (8th Cir. 1993); United States v. Wagner, 999 F.2d 312, 314 (8th Cir. 1993). We denied a motion for en banc consideration of the same issue in United States v. Love, No. 93-1825 (8th Cir. Mar. 21, 1994), rehearing denied (8th Cir. May 16, 1994), and United States v. Wilson, No. 93-2838 (8th Cir. Nov. 9, 1993) (per curiam), rehearing denied (May 13, 1994). In Love we discussed the recent decision of the First Circuit in United States v. O'Neil, 11 F.3d 292 (1st Cir. 1993), which follows
 
 
 6
 Schrader. Slip op. at 1.
 
 
 7
 Schrader is the law of the circuit and we are bound to follow it. We have rejected efforts to take this issue en banc. The judgment is affirmed.
 
 
 
 [1]
 The Honorable Donald D. Alsop, Senior United States District Judge for the District of Minnesota