**UNITED STATES of America, Appellee,**

v.

**David C. BEWLEY, Appellant.**

**No. 94–1045.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 10, 1994.

Decided June 20, 1994.

Mark Wesley Bubak, Omaha, NE, for appellant.

Daniel A. Morris, Omaha, NE, for appellee.

Before McMILLIAN, MAGILL and BEAM, Circuit Judges.

McMILLIAN, Circuit Judge.

David C. Bewley appeals from a final judgment entered in the United States District Court for the District of Nebraska sentencing him to 14 months imprisonment and 27 months supervised release, following revocation of his supervised release. For reversal, Bewley argues the district court erred in sentencing him to a combined term of imprisonment and additional supervised release that was longer than his original term of supervised release. For the reasons discussed below, we reverse and remand this case to the district court.

Bewley was charged with distributing cocaine, in violation of 21 U.S.C. § 841(a)(1). He pleaded guilty and was sentenced to 27 months imprisonment and three years supervised release. Bewley began his period of supervised release in February 1993. In November 1993, Bewley's probation officer petitioned the district court to revoke Bewley's supervised release, based on several supervised release violations. The probation officer's violation worksheet indicated a Grade C violation, a criminal history category of VI, a Guideline imprisonment range of 8 to 14 months, and an unserved supervised release term of two years and 90 days. At the revocation hearing, the district court found that the evidence clearly established each of the violations cited and revoked Bewley's supervised release. The district court determined an 8–14 month imprisonment range and sentenced Bewley to 14 months imprisonment and two years and 90 days (27 months) supervised release.

On appeal, both parties agree the district court erred in sentencing Bewley to a com-

bined term of imprisonment and additional supervised release greater than his original term of supervised release. Bewley argues his sentence was 14 months longer than permitted by 18 U.S.C. § 3583(e)(3); the government argues Bewley's sentence is 5 months too long. Although Bewley did not raise this issue at sentencing, we address it to avoid a miscarriage of justice. *Cf. United States v. Redlin,* 983 F.2d 893, 896 (8th Cir.), *cert. denied,* — U.S. ——, 114 S.Ct. 75, 126 L.Ed.2d 44 (1993).

█ We have held that, under § 3583(e)(3), a district court may revoke supervised release and sentence a defendant "to a term of imprisonment followed by a term of supervised release, so long as the aggregate of these two terms is less than or equal to" the defendant's original term of supervised release. *United States v. Stewart,* 7 F.3d 1350, 1352–53 (8th Cir.1993) (refusing to overrule *United States v. Schrader,* 973 F.2d 623, 624–25 (8th Cir.1992)). We conclude that the district court erred in imposing a combined term of imprisonment and supervised release of 41 months, which exceeded Bewley's three-year or 36–month original term of supervised release by 5 months.

█ We reject, however, Bewley's argument that his "original term of supervised release" is now only 27 months because of time already served. This reasoning is foreclosed by both § 3583(e)(3), which provides for imprisonment for all or part of the term of supervised release "without credit for time previously served on postrelease supervision," and our decision in *United States v. Krabbenhoft,* 998 F.2d 591, 593–94 (8th Cir. 1993). *See also United States v. Love,* 19 F.3d 415, 416–17 (8th Cir.1994).

Accordingly, we reverse and remand this case to the district court for the imposition of either an aggregate term of imprisonment and supervised release which is not more than Bewley's original 36–month term of supervised release, or one of the other options available under § 3583(e). *See United States v. Stewart,* 7 F.3d at 1353.