**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kent A. BENDER, Defendant–Appellant.**

No. 93–2780.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 21, 1993.

Decided March 1, 1994.

---

Counsel who represented the appellant was Andrea K. George of Minneapolis, Minnesota.

Counsel who represented the appellee was Carol A. Needles of Minneapolis, Minnesota. The names of Francis X. Hermann, Carol A. Needles and Darci Bentz of Minneapolis, Minnesota, appear on the brief of the appellee.

Before FAGG, Circuit Judge, LAY and JOHN R. GIBSON *, Senior Circuit Judges.

JOHN R. GIBSON, Senior Circuit Judge.

Kent Andrew Bender appeals from a six-month imprisonment and an additional term of supervised release imposed upon him following revocation of a period of supervised release. Bender argues that our decision in *United States v. Schrader*, 973 F.2d 623 (8th Cir.1992), should be reversed, and that his case should be remanded to the district court[1] for resentencing. We decline this invitation[2] and affirm the sentence.

Bender pled guilty to a charge of conspiring to use unauthorized credit cards. On March 4, 1993, Bender was sentenced to one month in prison, followed by three years of supervised release. As a condition of supervised release, the court ordered that Bender reside at a halfway house for six months.

Bender completed his prison sentence and began supervised release on April 26, 1993. He then began his stay at the halfway house on May 17, 1993. On June 7, 1993, a probation officer filed a petition seeking to revoke Bender's supervised release stating that Bender had violated the terms of his supervised release. On June 29, 1993, the district court held a hearing and found that Bender had violated the terms of his supervised release. The judge revoked Bender's supervised release and sentenced him to six months in prison. The judge also reimposed supervised release until April 25, 1996. Bender's original term of supervised release would have expired on April 26, 1996. Bender appeals from the reimposition of supervised release, arguing that notwithstanding our decision in *United States v. Schrader*, 18 U.S.C. section 3583 does not allow a judge to reimpose supervised release following an imprisonment term.

Bender's argument is straightforward. He argues that we decided *Schrader* incorrectly, and that his sentence should be vacated, and his case remanded for resentencing.

Recently, we have reaffirmed the validity of *Schrader*. *See United States v. Stewart*, 7 F.3d 1350, 1352–53 (8th Cir.1993). Upon the revocation of supervised release, Bender was sentenced to a term of imprisonment followed by supervised release. Bender's new term of supervised release expires one day before his original term of supervised release. Thus, this case is controlled by *Schrader*.

We affirm Bender's sentence.

LAY, Senior Circuit Judge, dissenting.

I dissent for the reasons stated in my concurring and dissenting opinion in *United States v. Stewart*, 7 F.3d 1350, 1353–55 (8th Cir.1993).

---

* The HONORABLE JOHN R. GIBSON was Circuit Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted, and took senior status on January 1, 1994, before the opinion was filed.

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

2. We denied Bender's petition for initial hearing en banc as well as Bender's motion to consolidate his case with two other cases.