29 F.3d 628
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Jon M. GIBB, Appellant.
 No. 94-1530.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 23, 1994.
Filed: July 11, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 While Jon M. Gibb was serving a three-year term of supervised release, the district court found that he had violated a release condition. The court revoked supervised release and imposed an eighteen-month prison term to be followed by two additional years of supervised release. Gibb appeals the supervised release portion of this revocation sentence.
 
 
 2
 On appeal, Gibb urges us to reconsider our decision in United States v. Schrader, 973 F.2d 623, 625 (8th Cir. 1992), that a district court upon revoking supervised release may impose both a period of imprisonment and an additional term of supervised release. Other panels of this court have repeatedly followed Schrader, and we have declined to consider the issue en banc. See United States v. Love, 19 F.3d 415, 416-17 (8th Cir. 1994).
 
 
 3
 Under Schrader, the district court correctly concluded that it was authorized to impose an additional term of supervised release. However, as the government concedes, the district court erred in imposing a prison term and a new term of supervised release which, together, exceed the length of Gibb's original three-year term of supervised release. See United States v. Stewart, 7 F.3d 1350, 1352 (8th Cir. 1993). Accordingly, we vacate Gibb's revocation sentence and remand to the district court for resentencing consistent with Stewart and with 18 U.S.C. Sec. 3583(e). Accord United States v. Bewley, No. 94-1045 (8th Cir. Jun. 20. 1994).