_____

No. 96-2030NE

_____

United States of America,     *
                                    *

          Appellee,       *    Appeal from the United States
                                    *    District Court for the District
   v.                       *    of Nebraska.
                                    *

Scott A. Schneider,       *    [UNPUBLISHED]
                                    *

          Appellant.      *

_____

Submitted:  August 7, 1996

Filed:  August 12, 1996

_____

Before FAGG, BRIGHT, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Scott A. Schneider appeals the district court's order revoking Schneider's three-year term of supervised release and imposing seven months of imprisonment followed by either 26 or 29 months of supervised release. Where an oral sentence and the written judgment conflict, the oral sentence controls. See United States v. Tramp, 30 F.3d 1035, 1037 (8th Cir. 1994) (concerning concurrent versus consecutive sentences). But cf. Holloway v. United States, 960 F.2d 1348, 1358 (8th Cir. 1992) (ambiguities in sentencing pronouncement are to be construed in favor of defendant). Counsel's brief notes this discrepancy (Counsel's Br. at 3 n.3), but Schneider's brief refers to the "26-month term of supervised release" (Supp. Br. at 5). We suggest the district court clarify the discrepancy between the oral and written record by an appropriate statement or order in the district court record.

Turning to Schneider's appeal, counsel has filed a brief under

<u>Anders v. California</u>, 386 U.S. 738 (1967), and Schneider has filed a supplemental brief.  Schneider and his counsel invite this court to depart from Eighth Circuit precedent holding that supervised release may be reimposed after a term of imprisonment upon revocation of supervised release.  Simply stated, their invitation is foreclosed by our earlier holdings.  <u>See</u> <u>United States v. Stewart</u>, 7 F.3d 1350, 1352 (8th Cir. 1993); <u>United States v. Schrader</u>, 973 F.2d 623, 625 (8th Cir. 1992).  Having reviewed the record, we find no nonfrivolous issues.  <u>See</u> <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988).  We affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-