**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mohammad F. GHANNAM, Defendant–Appellant.**

**No. 89–5611.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 8, 1989.

Decided March 28, 1990.

Thomas W. Smith (argued), Michael R. Crane, on brief, Charleston, W.Va., for appellant.

Hunter P. Smith, Jr., Asst. U.S. Atty., Charleston, W.Va., Michael W. Carey, U.S. Atty., Charleston, W.Va., for appellee.

Before HALL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

Mohammad Fariz Ghannam appeals the sentence imposed on him for his role in a conspiracy to distribute and possess cocaine, in violation of 21 U.S.C. § 846. Because he argues one issue, discussed in Part II, which is not reviewable, we dismiss that part of his appeal. Otherwise, we find no merit in his arguments and affirm the judgment of the district court.

## I

A grand jury indicted Ghannam and two other men for a number of drug related offenses stemming from an undercover investigation during which Ghannam dealt in cocaine several times with police or their informants. Ghannam entered a guilty plea to the conspiracy charge. All other charges against him were dropped.

At sentencing, Ghannam urged the court to depart downward from the guideline range indicated in the presentence report. Ghannam relied on four medical reports filed with the court that recounted his poor physical and mental health. The reports reveal that Ghannam suffered from the debilitating effects of cancer. Depression and other emotional difficulties accompanied his physical ailments. One psychiatrist who filed a report believed Ghannam's decision making ability and mood control were compromised "at or around the time of the alleged offense." Several of the reports suggested that incarceration would be detrimental to Ghannam's health.

Based on the reports, Ghannam asked the court to shorten his sentence, arguing that he acted with "diminished capacity" as defined in § 5K2.13 of the *Guidelines Manual.* Ghannam also asked for a sentence other than incarceration under § 5H1.4 of the guidelines, on account of his health problems. These arguments followed a government motion to depart from the guideline range because of Ghannam's substantial assistance in investigating and prosecuting his coconspirators. The government made its motion pursuant to § 5K1.1 of the guidelines.

The district court considered these circumstances and reduced Ghannam's sentence from the guideline range of 78 to 97 months to 48 months. The court departed downward "[i]n light of the defendant's substantial cooperation with the government [and] in view of the defendant's continuing medical condition." The court refused to consider diminished capacity, stating simply "I'm not going to give him credit for diminished capacity."

## II

■ Ghannam now argues that the district court's refusal to grant a downward departure for diminished capacity was erroneous, even though the court did reduce his sentence for other reasons. Ghannam relies on § 5K2.13, which indicates a departure "may be warranted" in certain instances "to reflect the extent to which reduced mental capacity contributed to the commission of the offense."

We have recently confronted and rejected this argument elsewhere. We held in *United States v. Bayerle*, 898 F.2d 28 (4th Cir.1990), that a refusal to depart downward is not appealable. *Accord United States v. Colon*, 884 F.2d 1550 (2d Cir. 1989). In *Bayerle* we joined a growing list of circuits that have found refusals to depart downward unreviewable on jurisdictional or narrower statutory grounds. *See Bayerle*, at 31 (collecting cases). The sentence challenged in *Bayerle* was within the guideline range, unlike Ghannam's which was reduced because of his assistance to the authorities and his health. Nevertheless, *Bayerle* controls our decision here. It is not a sentence within the guideline range that is immune from appeal but instead the refusal to depart downward itself. The fact that the district court departed downward for reasons other than diminished capacity is of no consequence. The district court's failure to make a further departure under § 5K2.13 is not appealable.

## III

■ Ghannam also challenges the district court's decision to shorten the sentence due to his poor health. He contends

that the court based the departure on § 5H1.4, which provides in pertinent part:

Physical condition is not ordinarily relevant in determining whether a sentence should be outside the guidelines or where within the guidelines a sentence should fall. However, an *extraordinary physical impairment* may be a reason to impose a sentence other than imprisonment.

Ghannam argues that in reducing the sentence in part because of his "medical condition," the court necessarily found an "extraordinary physical impairment" as defined in § 5H1.4, although the court never used that term. Ghannam reads § 5H1.4 to require a sentence other than imprisonment whenever the requisite finding of impairment is made.

This amounts to an assertion under 18 U.S.C. § 3742(a)(1) that the sentence "was imposed in violation of law." Ghannam does not challenge the court's consideration of his health in its choice of sentence nor its application of § 5H1.4 to him. Instead, he asserts that the district court misinterpreted § 5H1.4 by reducing his imprisonment instead of eliminating it.

Section 5H1.4 does not, however, contemplate that a defendant's physical condition is relevant only to the decision whether to impose imprisonment. Section 5H1.4 allows downward departures any time a sentencing court is presented with sufficient evidence of impairment. Section 5H1.4's observation that extraordinary impairment might justify an alternative to imprisonment does not preclude the possibility that impairment might also warrant a shorter sentence. The greater departure, no imprisonment, includes the lesser departure, shorter imprisonment.

Whether Ghannam presented the district court with enough evidence of impairment to support the departure is quite a separate question. So too are questions about the reasonableness of the departure and the adequacy of the court's explanation. *See, e.g., United States v. Carey,* 895 F.2d 318, 324–325 (7th Cir.1990). These matters are not before us. Section 3742(b) provides that only the government, and not a defendant, may appeal a downward departure.

The government has chosen not to do so in this case.

DISMISSED IN PART; AFFIRMED IN PART.