**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carlo STREAT, Defendant–Appellant.**

**No. 93–3646.**

United States Court of Appeals,
Sixth Circuit.

Argued March 1, 1994.

Decided April 28, 1994.

Christa D. Brunst (argued and briefed), Office of the U.S. Atty., Cleveland, OH, for plaintiff-appellee.

Donald Krosin (argued and briefed), Federal Public Defender's Office, Cleveland, OH, for defendant-appellant.

Before: JONES and BOGGS, Circuit Judges; and FEIKENS, Senior District Judge.*

PER CURIAM.

Carlo Streat appeals his sentencing after pleading guilty to charges of unarmed robbery of a bank in violation of 18 U.S.C. § 2113(a). The first issue on appeal is whether the district court incorrectly calculated the criminal history category used to determine Streat's sentencing range under the United States Sentencing Guidelines. The second issue concerns Streat's motion for a downward departure from the applicable sentencing range because he suffers from AIDS. Streat argues that the district court erroneously concluded that AIDS is no ground for a downward departure. The government counters that the sentencing judge was aware of her authority to depart but exercised her discretion and chose not to do so. We conclude that the district court improperly calculated Streat's criminal history category and that this case should be remanded for resentencing. Upon remand, the district court will have the opportunity to appropriately address Streat's claim that his illness warrants a downward departure.

I. *The Criminal History Calculation*

 A. *Application Note 11 to U.S.S.G. § 4A1.2*

 The presentence report prepared for Streat's sentencing shows a criminal history of seven previous convictions. Streat agrees that the report properly valued four of these convictions at one point each, but disputes the district court's determination that the other three convictions should be valued at two points each.

The three prior convictions pertinent to this appeal all were entered on February 19, 1991 for three separate drug offenses which occurred on August 31, 1990, September 7, 1990, and December 7, 1990. Streat received the same sentence in each case: one year in custody, suspended, and two years' probation, with all three sentences to be served concurrently.

Had matters remained as they were immediately after Streat's February 19, 1991 sentencing, Streat would have received one criminal history point for each of these three sentences and four one-point sentences for the four convictions not pertinent to this appeal. U.S.S.G. § 4A1.1(c). He accordingly would have received the maximum of four points permitted under section 4A1.1(c). On May 8, 1992, however, Streat was found to be in violation of probation, and was sentenced to one year's incarceration for each of the three pertinent convictions, each sentence to be served concurrently. The question here is how this May 8, 1992 probation revocation affects Streat's criminal history calculation.

The district court calculated Streat's criminal history by adding a one-year sentence to *each* of the three original sentences. That is, the district court counted the May 8, 1992 probation revocation as three separate sentences of one year each. Under section 4A1.1(b), each of these one-year sentences warrants two criminal history points, producing a six-point increase in Streat's criminal history score. Streat claims that adding one year to each of the three sentences is error. He argues that a proper reading of the sentencing guidelines requires that the one-year prison term imposed on May 8, 1992 should only have been added to one of the three

---

* The Honorable John Feikens, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

convictions, not to all three. We agree with Streat.

Section 4A1.2(k) of the sentencing guidelines addresses the consequences of revocations of probation or parole. That provision states in pertinent part:

(1) In the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for § 4A1.1(a), (b), or (c), as applicable.

U.S.S.G. § 4A1.2(k). The dispute here is whether the court should "add the original term of imprisonment to any term of imprisonment imposed upon revocation" for *each* of the three prior sentences or only for one of the three sentences. A plain reading of the second paragraph of application note 11 to section 4A1.2 supplies the answer:

Where a revocation applies to multiple sentences, and such sentences are counted separately under § 4A1.2(a)(2), add the term of imprisonment imposed upon revocation to the sentence that will result in the greatest increase in criminal history points. *Example:* A defendant was serving two probationary sentences, each counted separately under § 4A1.2(a)(2); probation was revoked on both sentences as a result of the same violation conduct; and the defendant was sentenced to a total of 45 days of imprisonment. If one sentence had been a "straight" probationary sentence and the other had been a probationary sentence that had required service of 15 days imprisonment, the revocation term of imprisonment (45 days) would be added to the probationary sentence that had the 15-day term of imprisonment. This would result in a total of 2 criminal history points under § 4A1.1(b) (for the combined 60-day term of imprisonment) and 1 criminal history point under § 4A1.1(c) (for the other probationary sentence).

The example in application note 11 is precisely on point: Streat was serving multiple probationary sentences at the time that his probation was revoked; probation was re-voked on these sentences for the same "violation conduct"; and he was sentenced to a total of one year in prison. The one year accordingly should be added to the sentence which results "in the greatest increase in criminal history points." In Streat's case, the three sentences are all the same—one year, suspended—so the sentencing court can tack the probation revocation sentence to any one of them. The other two sentences, like the "straight" probationary sentence in the example, remain unaffected.

The government does not directly discuss the paragraph from note 11 quoted above. It instead argues that the U.S. Court of Appeals for the Ninth Circuit rejected this same argument under similar facts in *United States v. Smith*, 905 F.2d 1296 (9th Cir.1990). In *Smith*, like here, the defendant argued that note 11 to section 4A1.2 required the district court to treat the revocation of probation as a single offense. *Id.* at 1302–03. The Ninth Circuit rejected this argument and upheld the district court's determination that the sentence meted out for violating probation should be tacked on to each of the prior convictions. *Id.*

While the government correctly describes the holding in *Smith*, it fails to recognize that the paragraph from note 11 discussed above was added on November 1, 1991—*after Smith* was decided. U.S.S.G.App. C, amend. 381. As the Ninth Circuit recently acknowledged in an unpublished opinion, "[t]his amendment adds a new method for calculating sentences" that simply is inconsistent with *Smith*. *United States v. Reed*, No. 91–10203, 1992 WL 167983, at *5, 1992 U.S.App. LEXIS 17758, at *13 (9th Cir. July 20, 1992). Under the amended note 11, the one-year sentence is tacked on to only one of the prior convictions.

Nor is there merit to the government's claim that Streat waived his right to make this note 11 argument when he failed to raise this precise point before the district court. It certainly is true that under Sixth Circuit precedent, "a defendant must first present the claim *in the district court* before we can entertain the alleged misapplication of the Guidelines on appeal." *United States v. Nagi*, 947 F.2d 211, 213 (6th Cir.1991), *cert.*

denied, —— U.S. ——, 112 S.Ct. 2309, 119 L.Ed.2d 230 (1992); *United States v. French,* 974 F.2d 687, 696–97 (6th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1012, 122 L.Ed.2d 160 (1993). We nonetheless find that review is warranted on the facts of this case. *Nagi* is distinguishable because, unlike the defendants in that case, Streat did specifically protest the calculation of his criminal history, albeit on other grounds. He never affirmatively acquiesced in the government's position. *See Nagi,* 947 F.2d at 214. In addition, we find that review is warranted in Streat's case because the simple note 11 miscalculation amounts to clear error. *See, e.g., United States v. Moss,* 9 F.3d 543, 553 (6th Cir.1993) (application of clearly incorrect base level offense level deemed clear error).

### B. *Criminal History Calculation Upon Remand*

■ The proper criminal history calculation for the three February 19, 1991 convictions accordingly starts with (1) the "enhanced" February 19, 1991 conviction (the suspended sentence plus the one-year sentence Streat received when his probation was revoked), and (2) the two "unenhanced" February 19, 1991 convictions. Section 4A1.1 then requires the sentencing court to determine the proper "sentence of imprisonment" for each of these three convictions. Section 4A1.2(b)(2) makes clear that the term "sentence of imprisonment" refers only "to the portion [of the sentence] that was not suspended." The one-year sentence Streat received when his probation was revoked accordingly yields two criminal history points, U.S.S.G. § 4A1.1(b), and the other two "unenhanced" convictions are counted at one point each, U.S.S.G. § 4A1.1(c).

The two unenhanced, "one-point" convictions, when combined with the four prior convictions not at issue in this appeal (also valued at one point each), produce a total of six "one-point" criminal history points. Section 4A1.1(c), however, limits the total number of "one-point" sentences to four. Thus, upon remand, Streat should receive four points for the one-point convictions and two points for the sentence imposed upon probation revocation. In addition, a proper calculation of Streat's criminal history category will take into account any points Streat should receive for the commission of the present offense while under a criminal justice sentence, and for the commission of the present offense within two years of his release from custody.

### II. *AIDS As a Ground for Downward Departure*

Streat maintains that the district court was unaware it had discretion to depart downward on the ground that Streat was suffering from AIDS. The government counters that the sentencing judge was aware of her departure authority, but simply refused to depart.

There is little authority specifically addressing the circumstances under which AIDS is a proper ground for a downward departure. Still, sections of the guidelines could justify a downward departure under certain circumstances. Section 5H1.4, for example, contemplates downward departures for "extraordinary physical impairment." *See, e.g., United States v. Velasquez,* 762 F.Supp. 39, 40 (E.D.N.Y.1991) (ruling that the defendant's metastasized cancer was a serious, life-threatening illness which alone warranted a downward departure); *see also United States v. Ghannam,* 899 F.2d 327, 329 (4th Cir.1990) (noting that "Section 5H1.4 allows downward departures any time a sentencing court is presented with sufficient evidence of impairment"); *United States v. Slater,* 971 F.2d 626, 634–35 (10th Cir.1992) (holding that a chronic depressive disorder can provide basis for departure). *But see United States v. Carey,* 895 F.2d 318 (7th Cir.1990) (ruling that although the defendant's age, coupled with several serious operations for a brain tumor, did not necessarily justify a downward departure, more particularized findings of an extraordinary physical impairment would support the district court's decision to depart); *United States v. DePew,* 751 F.Supp. 1195, 1199 (E.D.Va.1990) (finding that AIDS alone "is not such a 'physical impairment'; nor is cancer or various other terminal or life threatening conditions"), *aff'd on other grounds,* 932 F.2d 324 (4th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 210, 116

L.Ed.2d 169 (1991). Whether AIDS alone, or AIDS accompanied by the physical deterioration characterizing the latter stages of the disease, warrants a downward departure need not be decided today. Upon remand, the district court will have the opportunity to exercise its discretion as permitted under the guidelines.

For these reasons, the district court's sentence is VACATED and this case is REMANDED for resentencing consistent with this opinion.