**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4089**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLTON PARLEY MUSICK, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.   Thomas E. Johnston, District Judge.  (5:07-cr-00077-1)

Submitted:  July 22, 2008          Decided:  August 15, 2008

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West Virginia, for Appellant.   Charles T. Miller, United States Attorney, Miller A. Bushong, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlton Parley Musick, Jr., pled guilty to distribution of more than five grams of cocaine base (crack), and was sentenced to a term of sixty-three months imprisonment. Musick appeals his sentence, contending that the district court incorrectly calculated his criminal history under U.S. Sentencing Guidelines Manual §§ 4A1.1, 4A1.2 (2007), but conceding that the error, if any, did not affect his criminal history category. We affirm.

Musick received three criminal history points for a suspended sentence of one to five years imprisonment, with one year of probation, imposed on April 20, 2001, for conspiracy to commit a felony, because his probation was revoked on February 21, 2002, after he admitted committing additional property crimes in the latter part of 2001. Upon revocation, the original sentence was imposed. Musick received two criminal history points for a one-year suspended sentence for petit larceny, with one year of probation, which was also revoked on February 21, 2002, based on the same admission of additional criminal conduct. In this case also, the original sentence was imposed. At the sentencing hearing in December 2007, defense counsel acknowledged that, even if Musick's argument had merit, correction of his criminal history score would leave him in the same category, and the objection was "an academic issue."

The court found, first, that the prior sentences in question were properly counted separately because there was an intervening arrest. The court also considered the effect of § 4A1.2(k) and Application Note 11, which deal with revocation sentences, and neither of which were affected by 2007 amendments to § 4A1.2.

The court noted a split in the circuits over how to interpret the second paragraph of Application Note 11, which states: "Where a revocation applies to multiple sentences, and such sentences are counted separately under § 4A1.2(a)(2), add the term of imprisonment imposed upon revocation to the sentence that will result in the greatest increase in criminal history points." Compare United States v. Streat, 22 F.3d 109, 111-12 (6th Cir. 1994) (treating revocation as single action applied to all prior suspended sentences), and United States v. Flores, 93 F.3d 587, 591-92 (9th Cir. 1996) (same), with United States v. Norris, 319 F.3d 1278, 1285-88 (10th Cir. 2003) (holding that where state court imposed multiple sentences on revocation of probation, to be served either consecutively or concurrently, Note 11 is inapplicable and criminal history is calculated solely under § 4A1.2(k)). The court followed Norris and determined that Musick's criminal history was properly calculated in the presentence report.

Musick contends that the district court erred in following Norris and rejecting the Sixth Circuit's interpretation

of Application Note 11 in <u>Streat</u>.  When the resolution of an issue involves primarily the legal interpretation of a guideline, it is reviewed de novo.  <u>United States v. Kinter</u>, 235 F.3d 192, 195 (4th Cir. 2000).  Even assuming, without deciding, that Musick is correct and the district court erred in refusing to reduce his criminal history score by one point, the error, if any, had no practical effect on his sentence.  Therefore, we conclude that we need not decide in this case the issue which has given rise to the circuit split.

Accordingly, we affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>