# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 21, 2009

Charles R. Fulbruge III
Clerk

No. 07-41181
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

MIGUEL ANGEL SANCHEZ-GARCIA

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
No. 5:07-CR-1063-ALL

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Sanchez-Garcia appeals his sentence, imposed after he pleaded guilty to one count of being illegally found in the United States.[1] Specifically, Sanchez-Garcia challenges the calculation of his criminal history category, contending that the district court added too many points for previous parole revocations.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 8 U.S.C. § 1326.

Sanchez-Garcia has a crime-riddled past. On September 22, 1990 he was arrested for the unauthorized use of a motorized vehicle. Then, on December 1, 1990, he was again arrested in a separate incident for vehicle burglary. Sanchez-Garcia pleaded guilty to both offenses on the same day, July 18, 1990, and was sentenced to 10 years of probation on each offense, the sentences to run concurrently. Less than two years later, on January 25, 1992, Sanchez-Garcia was arrested for attempted murder. On May 12, 1993 he pleaded guilty to that charge, was sentenced to 15 years imprisonment, and had his probation sentences revoked for both the unauthorized use of a motor vehicle offense and the vehicle burglary offense. The original 10 year terms of imprisonment for those offenses were reinstated and were to run concurrently. Sanchez-Garcia was then deported to Mexico in June 2007. He was found illegally in the United States on July 3, 2007 and pleaded guilty to the offense on September 7, 2007, leading to the sentence which he now appeals.

When sentencing Sanchez-Garcia for this latest offense, and to determine his criminal history category, the district court assigned three points for the attempted murder charge, two points for the instant offense of being illegally found in the United States, three points for the revocation of parole on the unauthorized use of a motor vehicle charge, and three points for the revocation of parole on the vehicle burglary revocation. Sanchez-Garcia contends that under the sentencing guidelines, he should not have been charged three points for each parole revocation, but three points for one revocation and one point for the other. Because Sanchez-Garcia did not object at his sentencing hearing, he concedes that this Court's review is for plain error.[2]

---

[2] See US v. Garcia-Cantu, 302 F.3d 308, 310 (5th Cir. 2002) ("We find plain error only if: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights.") (citing US v. Olano, 507 U.S. 725, 732 (1993)).

Sanchez-Garcia points us to U.S.S.G. § 4A1.2 and that section's Application Note 11. Section 4A1.2 provides in relevant part:

> (1) In the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for § 4A1.1(a), (b), or (c), as applicable.[3]

Application Note 11 to that section reads:

> Where a revocation applies to multiple sentences, and such sentences are counted separately under § 4A1.2(a)(2), add the term of imprisonment imposed upon revocation to the sentence that will result in the greatest increase in criminal history points. Example: A defendant was serving two probationary sentences, each counted separately under § 4A1.2(a)(2); probation was revoked on both sentences as a result of the same violation conduct; and the defendant was sentenced to a total of 45 days of imprisonment. If one sentence had been a "straight" probationary sentence and the other had been a probationary sentence that had required service of 15 days of imprisonment, the revocation term of imprisonment (45 days) would be added to the probationary sentence that had the 15-day term of imprisonment. This would result in a total of 2 criminal history points under § 4A1.1(b) (for the combined 60-day term of imprisonment) and 1 criminal history point under § 4A1.1(c) (for the other probationary sentence).

Based on the text of the sentencing guideline and its application note, Sanchez-Garcia argues that the revocation of both parole sentences should have resulted in one sentence exceeding one year under § 4A1.1(a), rendering three points, plus an additional one point under § 4A1.1(c) for "each prior sentence not counted in (a) or (b)."

---

[3] U.S.S.G. § 4A1.2(k)(1).

Because this Circuit has not ruled on this interpretation of § 4A1.2(k), and because there is a circuit split on the issue, we cannot hold that the district court plainly erred in assigning three points for each parole revocation. The Sixth Circuit has held, in a case where the defendant previously had parole revoked on multiple sentences, that when calculating criminal history the prison term imposed for the revocations "should only [be] added to one of the three convictions, not to all three."[4] The Ninth Circuit has followed the Sixth Circuit; "[w]e find Streat persuasive in its construction of the amended Application Note 11; indeed, the example presented in Note 11 virtually dictates Streat's result."[5] The Tenth Circuit, however, rejected the Sixth Circuit's approach holding that "where a state court has imposed multiple sentences upon a revocation of probation, regardless of whether they are to be served consecutively or concurrently, Note 11 does not apply and the sentencing court must calculate the defendant's criminal history category in accordance with § 4A1.2(k)."[6] In light of this disagreement in the circuits, the district court did not plainly err in assigning three points to each parole revocation.

Sanchez-Garcia also contends that this Court should remand his case for correction of a clerical error in the judgment because he was indicted of being unlawfully found in the United States but his judgment indicates he was found guilty of illegal reentry. We have previously rejected this argument, reasoning that 8 U.S.C. § 1326 is titled "reentry of removed aliens" and thus the "judgment uses the term 'reentry of a deported alien' intentionally in reference to § 1326

---

[4] US v. Streat, 22 F.3d 109, 110–11 (6th Cir. 1994).

[5] US v. Flores, 93 F.3d 587, 592 (9th Cir. 1996).

[6] US v. Noris, 319 F.3d 1278, 1288 (10th Cir. 2003).

generally, and such is not a clerical error."[7]  AFFIRMED.

---

[7] US v. Buendia-Rangel, __ F.3d __, 2008 WL 5221160 (5th Cir. 2008).