# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 13, 2013

Lyle W. Cayce
Clerk

No. 12-40668
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL PEDREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-4-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Rafael Pedrez appeals his 87-month sentence following his guilty plea to bank robbery. He contends that the district court erred by attributing three criminal history points each to his conviction for aggravated assault and his conviction for felony littering. Specifically, he avers that, pursuant to U.S.S.G. § 4A1.2, comment. (n.11), one of the convictions should have received only one point because his probation was revoked on both convictions on the same day,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and he was sentenced to three years of imprisonment upon revocation in both cases.

Pedrez did not raise his contention in the district court, and his contention is reviewed for plain error. To show plain error, Pedrez must demonstrate (1) that there was an error, (2) that it was clear or obvious, and (3) that it affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Henderson v. United States*, 133 S. Ct. 1121, 1126 (2013).

There is no published decision of this court addressing the scoring formula set out in Application Note 11. The circuits that have addressed the issue have obtained different results. *See United States v. Norris*, 319 F.3d 1278, 1286-87 (10th Cir. 2003); *cf. United States v. Flores,* 93 F.3d 587, 592 (9th Cir. 1996); *United States v. Streat*, 22 F.3d 109, 110-11 (6th Cir. 1994). Because this court has not ruled on the interpretation of § 4A1.2(k) as advanced by Pedrez, and because there is a circuit split on the issue, we cannot hold that the district court plainly erred in assigning three points for each parole revocation. *See Puckett*, 556 U.S. at 135; *United States v. Sanchez-Garcia*, 307 F. App'x 829, 831-32 (5th Cir. 2009).

Pedrez also contends that counsel was ineffective at sentencing. We decline to consider this claim on direct appeal because the record has not been sufficiently developed. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006). The judgment of the district court is AFFIRMED.