# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40752
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO TREJO-MONTOYA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-80-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Francisco Trejo-Montoya pleaded guilty to being found in the United States after a previous deportation and received a 77-month prison sentence. He appeals that sentence, arguing that the district court erred by assessing three criminal history points for both his prior robbery and burglary sentences based on the four-year prison terms that he received for each when his probation was revoked. *See* U.S.S.G. §§ 4A1.1(a), 4A1.2(k)(1). Relying on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40752

Application Note 11 to § 4A1.2, he asserts that one of these prior sentences should have received no points because his probation for both offenses was revoked on the same day, he received concurrent sentences upon revocation, and the offenses were too old to qualify for criminal history points absent the addition of the revocation sentences.  Because Trejo-Montoya did not object to the calculation of his criminal history score in the district court, we review for plain error only.  *See United States v. Jasso*, 587 F.3d 706, 709 (5th Cir. 2009).

This court had not considered Application Note 11 in this context, and the circuits that have addressed the issue have come to different conclusions. *Compare United States v. Flores*, 93 F.3d 587, 592 (9th Cir. 1996), *and United States v. Streat*, 22 F.3d 109, 110-11 (6th Cir. 1994), *with United States v. Norris*, 319 F.3d 1278, 1286-87 (10th Cir. 2003).  Accordingly, the district did not plainly err in assigning three points for each prior sentence.  *See United States v. Pedrez*, 544 F. App'x 376, 376-77 (5th Cir. 2013); *United States v. Sanchez-Garcia*, 307 F. App'x 829, 830-32 (5th Cir. 2009).

AFFIRMED.