# United States Court of Appeals for the Fifth Circuit

No. 23-30573

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Johnson Moore,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:20-CR-137-4

_____

Before Haynes, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

This is a criminal-sentencing appeal. Johnson Moore argues the district court erred in calculating his criminal history points and hence erred in determining the applicable sentencing range under the Guidelines. We AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

I.

Johnson Moore pleaded guilty to one count of interference with commerce by robbery under 18 U.S.C. § 1951(a) in connection with the theft of 34 Rolex watches from a jewelry store in Lake Charles, Louisiana. Moore had an extensive criminal history, including several juvenile offenses. As relevant here, the Presentence Investigation Report (PSR) assessed two criminal history points each for two juvenile offenses: (1) Moore's June 2013 theft offense, ROA.917–18 (¶ 39), and (2) Moore's April 2014 criminal mischief offense, ROA.918 (¶ 40). We refer to these by their PSR paragraph numbers—as the "Paragraph 39 offense" and the "Paragraph 40 offense," respectively.

For each offense, the PSR noted that Moore had been released on probation and then had his probation revoked—twice on the Paragraph 39 offense and once on the Paragraph 40 offense. Although the relevant revocations for both offenses resulted in one confinement at a juvenile camp, the PSR separately counted the Paragraph 39 and Paragraph 40 offenses for criminal history purposes.

Combining his juvenile and adult offenses, Moore's criminal history produced a total of score of 11, placing him in criminal history category V. Based on a total offense level of 25 and criminal history category V, the PSR calculated a Sentencing Guidelines range of 100 to 125 months imprisonment under the 2021 Guidelines Manual.

Moore filed three objections to the PSR, only one of which is relevant here. Moore argued he should receive zero criminal history points (rather than two) for the Paragraph 39 offense. In that objection, Moore argued he had completed that sentence more than five years before the 34-Rolexes offense at issue here. And Moore expressly conceded he "should only be

attributed points for the offense set forth in Paragraph 40." ROA.874. The district court overruled Moore's objections.

The district court then sentenced Moore to 125 months in prison, "with credit for time served in federal custody since June 24, 2020." ROA.807. Upon request of counsel, the court also noted the sentence would run concurrent with any sentence imposed for the pending state charges for related conduct and Moore would be allowed to participate in mental health and substance abuse treatment programs while in BOP custody, as applicable. Moore did not object to his sentence at the hearing.

The district court's written judgment sentenced Moore to imprisonment for "125 month(s) . . . to run concurrent to any state sentence the defendant may receive, and credit for time served in Federal Custody since June 24, 2020." ROA.743. Moore timely appealed.

## II.

Before this court, Moore first argues the district court improperly assessed two criminal history points for his Paragraph 40 offense, thereby double-counting the probation revocation against both the Paragraph 39 offense and the Paragraph 40 offense.

Moore failed to object to the assessment of these points before the district court, so we can review at most[1] for plain error. *United States v. Gutierrez*, 635 F.3d 148, 152 (5th Cir. 2011) (noting the defendant "objected

---

[1] In the district court, Moore conceded that he should receive two points for the Paragraph 40 offense. ROA.874. That constituted a waiver of any challenge to the points assigned for the Paragraph 40 offense, and such waivers remove the question from our review altogether. *See United States v. Cabello*, 33 F.4th 281, 295 (5th Cir. 2022) ("Plain-error review is available only for forfeitures—not waivers." (quotation omitted)). We need not hold Moore to his waiver, however, because his challenge to Paragraph 40 fails under any standard.

to other procedural aspects of his sentence, but that is not sufficient to preserve error" on the specific issue); *United States v. Jasso*, 587 F.3d 706, 708 n.2, 709 (5th Cir. 2009) (reviewing for plain error where the defendant did not raise the "specific issue" to the district court). To prevail on plain error review, an appellant must show (1) "an error or defect," (2) that is "clear or obvious, rather than subject to reasonable dispute," and (3) that "affected the appellant's substantial rights." *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). If the appellant meets those three prongs, we have "the discretion to remedy the error—discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration in original) (emphasis omitted).

We find no clear or obvious error in the assessment of criminal history points for the Paragraph 40 offense. Section 4A1.2(d)(2)(A) of the Sentencing Guidelines instructs courts to add two criminal history points "for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense." If a sentence of confinement is imposed following probation revocation, the newly imposed sentence is added to "the original term of imprisonment" and "[t]he resulting total is used to compute the criminal history points" for the original offense. U.S.S.G. § 4A1.2(k)(1). And, for an offense committed prior to the defendant's eighteenth birthday, the five-year clock under § 4A1.2(d)(2)(A) runs from "the date of the defendant's last release from confinement on such sentence." *Id.* § 4A1.2(k)(2)(B). Finally, Application Note 11 to this section provides: "Where a revocation applies to multiple sentences, and such sentences are counted separately . . . [courts should] add the term of imprisonment imposed upon revocation to the sentence that will result in the greatest increase in criminal history points." *Id.* § 4A1.2 cmt. n.11. Note 11

provides an example, which clarifies that its single-counting structure applies when "probation was revoked on both sentences as a result of the same violation conduct." *Id.*

In this case, however, Moore's probation sentences were revoked as the result of *different* violation conduct. For the Paragraph 39 offense, Moore's second period of probation was revoked because he committed new offenses—"Theft and Failure to Identify Giving False/Fictitious Info"—on February 24, 2015. ROA.918. But for the Paragraph 40 offense, Moore's probation was revoked because he committed a different new offense—Evading Arrest—on September 22, 2014. ROA.918. So "[a]ccording to court documents," Moore's two probation sentences were revoked for two different intervening offenses. ROA.918. These distinctions confirm Moore received two revocation sentences. Therefore, the district court did not err in assigning two points to each of the two revocation sentences.

Even if the district court did err, any error was not plain. "Arguments that require the extension of existing precedent cannot meet the plain error standard." *United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023) (per curiam), *cert. denied*, 144 S. Ct. 1081 (2024) (mem.). "[A]ny error is not plain if this circuit's law remains unsettled and the other federal circuits have reached divergent conclusions." *Id.* (internal quotation marks and citation omitted).

Here, our precedent is not settled. Our court has not addressed whether counting these simultaneous revocation sentences towards two original sentences for criminal history purposes is error. And although Application Note 11 instructs courts how to count a *single* revocation applied to multiple previous sentences, it is silent as to the consequence of a single term of imprisonment for *multiple* and explicitly separate probation revocations. *See United States v. Sanchez-Garcia*, 307 F. App'x 829, 831–32

(5th Cir. 2009) (per curiam) (discussing the guideline, application note, and lack of circuit precedent addressing simultaneous revocations of two parole sentences based on one act that violated both parole sentences, and finding no plain error); *see also United States v. Pedrez*, 544 F. App'x 376, 376–77 (5th Cir. 2013) (per curiam) (doing the same where "probation was revoked on both convictions on the same day"); *United States v. Trejo-Montoya*, 677 F. App'x 162, 163 (5th Cir. 2017) (per curiam) (doing the same where "probation for both offenses was revoked on the same day, [the defendant] received concurrent sentences upon revocation, and the offenses were too old to qualify for criminal history points absent the addition of the revocation sentences"). Other circuits to address this issue have also reached differing conclusions. *Compare United States v. Norris*, 319 F.3d 1278, 1286–88 (10th Cir. 2003), *with United States v. Flores*, 93 F.3d 587, 592 (9th Cir. 1996), *and United States v. Streat*, 22 F.3d 109, 110–11 (6th Cir. 1994). We therefore find no plain error in assessing criminal history points for Moore's Paragraph 40 offense.

## III.

Moore also argues the district court orally sentenced him to serve 125 months imprisonment *minus* the time he already spent in federal custody—yet the written judgment conflicts with that oral pronouncement. That contention is false. The oral and written judgments are materially identical. *Compare* ROA.807 (oral sentence), *with* ROA.743 (written judgment). Before our court Moore appears to contend the district court should have offset his sentence by the amount of time he served in federal custody awaiting sentencing, but Moore did not object to the oral sentence. We therefore review for plain error and find none.

It is well-established that only the Bureau of Prisons can determine whether a defendant is entitled to time-served credits. *See United States v.*

*Wilson*, 503 U.S. 329, 333–35 (1992); *see also United States v. Taylor*, 973 F.3d 414, 418–19 (5th Cir. 2020). True, in *Taylor*, we confirmed that district courts cannot award time-served credit and that, if the district court would have altered its sentence with knowledge of this limitation, such error could be reversed. *Taylor*, 973 F.3d at 419. But here, there is nothing in the record to suggest the district court would not have issued the same sentence had it known its recommendation for time served was not mandatory. *See United States v. Cardenas*, 850 F. App'x 268, 269 (5th Cir. 2021) (per curiam). There is thus no uncertainty or ambiguity in the district court's intent, and Moore is not entitled to remand on this question.

AFFIRMED.